IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| LUIS ADRIAN CORTES-RAMOS | * | |
|     Plaintiff | * | CIVIL NO. 3:14-cv-1578 |
| | * | |
|     Vs. | * | ABOUT: |
| | * |     Copyright Act of the United States |
| SONY CORPORATION OF AMERICA, | * |     Trademark Dilution Revision Act |
| SONY ATV MUSIC PUBLISHING, LLC, | * |     Puerto Rico Trademark Act |
| SONY MUSIC HOLDINGS, INC. d/b/a, | * |     Diversity |
| SONY MUSIC ENTERTAINMENT, | * | |
| SONY PICTURES TELEVISION, INC., | * | JURY TRIAL |
| SONY MUSIC BRAZIL, | * | |
| and SONY ELECTRONICS, INC., | * | |
| ENRIQUE MARTIN MORALES a/k/a | * | |
| RICKY MARTIN, JOHN DOE, | * | |
| RICHARD ROE, and their respective | * | |
| insurance companies | * | |
|     Defendants | * | |

**************************************

**COMPLAINT**

**TO THE HONORABLE COURT:**

    Comes plaintiff, through the undersigned attorney, and very respectfully state, allege and pray:

**I.    JURISDICTION**

    1.    This is a civil action seeking damages and for direct and vicarious copyright infringement under the Copyright Act of the United States, 17 U.S.C. and "Puerto Rico Trademark Act", Act. No. 169 of December 16, 2009, as amended in 2011 and the Trademark Dilution Revision Act, 15 U.S. Code § 1125.

    2.    This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

COMPLAINT
CIVIL NO. 3:14-cv-1578
Page 2

3. This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in Puerto Rico and in this judicial district, the acts of infringement complained of herein occurred in Puerto Rico and in this judicial district, and Defendants have caused injury to Plaintiffs and their intellectual property within Puerto Rico and in this judicial district.

4. Plaintiff and defendants are of diverse citizenship and the award requested exceeds $75,000, exclusive of costs and interests. Plaintiff is resident of Puerto Rico, USA.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or § 1400(a), this Honorable Court has jurisdiction under 28 U.S.C. sec 1332 (a) 1, (c) and (d).

6. Plaintiff and defendants are of diverse citizenship and the award requested exceeds $75,000, exclusive of costs and interests. Plaintiff is resident of Puerto Rico, USA. Defendants (corporations) are resident of New York, NY; Colver City, CA, San Diego, CA, Rio de Janeiro, Brazil, and its corporate headquarters are in Tokyo, Japan. Co-defendant Ricky Martin is resident of Miami Beach, FL.

7. Trial by jury is hereby requested.

**II.    PARTIES**

8. Plaintiff, Luis Adrian Cortés Ramos, of legal age, single, citizens of the Puerto Rico and resident of Urb. Palacios del Prado, 148 Pacífico St., Juana Díaz, Puerto Rico 00795.

9. Defendant Sony Corporation of America, located in New York, NY, is the U.S. headquarters of Sony Corporation, based in Tokyo, Japan. Sony's principal U.S. businesses include Sony Electronics Inc., Sony Mobile Communications (USA) Inc., Sony Computer Entertainment

c:\claims\lcortes.002

COMPLAINT
CIVIL NO. 3:14-cv-1578
Page 3

America LLC, Sony Network Entertainment International, LLC., Sony Pictures Entertainment Inc., Sony Music Entertainment, Sony/ATV Music Publishing LLC, and Sony Online Entertainment LLC.

10. Co-defendant Sony ATV Music Publishing, LLC, and Sony Music Holdings, Inc. d/b/a, Sony Music Entertainment, is a corporation located at 550 Madison Ave., Room 2325, New York, New York 10022.

11. Co-defendant Sony Pictures Television, Inc., is a corporation located at 10202 W. Washington Blvd., Jack Cohn 430, Colver City, California 90232.

12. Co-defendant Sony Electronics, Inc., is a corporation located at 16530 Via Sprillo, MZ 1028, San Diego, California 92127.

13. Co-defendant Sony Music Brazil, is a corporation located at Rua Lauro Muller No. 116 - 40, Andar, Salas 4001 a 4003, Botafogo, Rio de Janeiro, Brazil.

14. Co-defendant Enrique Martín Morales d/b/a, a/k/a Ricky Martin is single, artist, singer, resident of Miami Beach, Florida 33139.

15. John Doe and Richard Roe are those other names are unknown to this day, and who are responsible or contributed in any way to the events that give rise to this complaint. We also designate as unknown co-defendants the insurance companies and policies of all of the co-defendants in this complaint.

### III. FACTS

16. On or around mid 2013 co-defendant Enrique Martín Morales (Ricky Martin) and/or the other co-defendants posted and/or published several advertising, videos, and messages about the

COMPLAINT
CIVIL NO. 3:14-cv-1578
Page 4

SuperSong's Contest.  Defendants were sponsors or co-sponsors of the advertising and/or the SuperSong's Contest.  The song was to be use at the *Fédération Internationale de Football Association* (International Federation of Association Football) 2014 World Cup.  The SuperSong was a song to be sing by defendant Ricky Martin on the grand opening of the 2014 World Cup/FIFA. In defendant Ricky Martin promotions/advertises, he promoted and invited people to compose a song for the 2014 World Cup/FIFA. He said that the song would be recorded and then performed on the 2014 World Cup/FIFA. Finally it was informed that the composer would be knowledge and credited for the composition.

17. The *Fédération Internationale de Football Association* (International Federation of Association Football) is the international governing body of association football, futsal and beach soccer. FIFA is responsible for the organization of football's major international tournaments, notably the World Cup which commenced in 1930 and the Women's World Cup which commenced in 1991.

18. The 2014 World Cup/FIFA SuperSong's Contest was a competition (contest) where contestant create and/or compose a song; both music and lyrics in one or a combination of any of the following languages: English, Portuguese, and/or Spanish.  The song has to be submitted in or accompanied in a video format showcasing the performance of the composer.

19. Plaintiff Luis Adrián Cortés-Ramos saw an advertising of the contest while surfing the internet and immediately became interested. Plaintiff is a young artist; composer, singer, and musician.  Plaintiff Luis Adrián Cortés-Ramos participated in several music tv contest including Puerto Rico Idol (Wapa TV).

c:\claims\lcortes.002

COMPLAINT
CIVIL NO. 3:14-cv-1578
Page 5

20. Plaintiff Luis Adrián Cortés-Ramos also was attending college, University of Puerto Rico. He was completing a college degree in Bachelor in Science, major in Biomedical Science. He graduated on May 2013. He also works part-time with his parents in a family business. Even thou plaintiff Luis Adrián Cortés-Ramos' artistic, working and college duties keeps him really busy and occupied he composed a song to participate in the SuperSong's Contest and created a video for it.

21. Plaintiff Luis Adrián Cortés-Ramos composed the song and recorded the video at the end of 2013. He utilized several musicians, dancers, and chorus singers. The majority of the musicians, dancers, and chorus singers were relatives or family members. He had to pay for the recording and sound systems. The video was recorded in locations close to his hometown Juana Díaz, Puerto Rico.

22. Plaintiff Luis Adrián Cortés-Ramos entered the contest by registering in a website of the SuperSong by late 2013.

23. On January 2, 2014 plaintiff Luis Adrián Cortés-Ramos upload his music-video to YouTube and later to the SuperSong's web page/site.

24. The due date for contestants participation and the uploading/submitting music video was January 6, 2014.

25. On January 8, 2014 defendants selected the twenty (20) finalists. Plaintiff Luis Adrián Cortés-Ramos was selected as a finalist.

26. On January 15, 2014 received an e-mail presumably from a representative of the defendants requesting to sign several documents (releases) and to send them back to Brazil in order

COMPLAINT
CIVIL NO. 3:14-cv-1578
Page 6

to continue in the contest. Plaintiff Luis Adrián Cortés-Ramos signed the documents before a notary public on the same day.

27. On January 16, 2014 plaintiff Luis Adrián Cortés-Ramos sent the documents to Brazil.

28. On January 17, 2014 plaintiff Luis Adrián Cortés-Ramos sent an e-mail confirming that the original documents were mailed but did not received any reply. The final selection and final score of the contestant of the SuperSong took place on the same day.

29. On January 27, 2014 plaintiff Luis Adrián Cortés-Ramos received a communication requesting confirmation of his address. Defendants alleged that Plaintiff's address was incorrect. It was not so plaintiffs explained it later on.

30. In accordance with the published contest rules, the information on the five (5) finalists to the SuperSong Contest were supposed to be released On January 20, 2014. It did not happened due to the problems with the release of the contestant Elijha King's representative contract and lack of releases from the plaintiff. On January 30, 2014 the five (5) finalists to the SuperSong Contest was released On January 30, 2014 the five (5) finalists to the SuperSong Contest was released. Plaintiff Luis Adrián Cortés-Ramos was not included in the group.

31. On February 10, 2014 the winner to the SuperSong Contest was released, Elijha King. Plaintiff Luis Adrián Cortés-Ramos participation in the contest finals was not mention nor credited.

32. Plaintiff Luis Adrián Cortés-Ramos' music video was already selected to be utilized by the production managers of the defendants before January 15, 2014 but due to the fact of the lack

c:\claims\lcortes.002

COMPLAINT
CIVIL NO. 3:14-cv-1578
Page 7

of releases from the plaintiff and the contestant Elijha King's representative, the SuperSong Contest due date were continue.

33. On or around April 22, 2014 defendant Ricky Martin release his single/song Vida with a music video. Plaintiff Luis Adrián Cortés-Ramos was surprised, disappointed, anger, disillusioned, and suffered mental anguish; the music video was almost identical to one that he composed and created. To worsen the scenario, Ricky Martin was an admired artist and puertorrican that was considered a role model for plaintiff Luis Adrián Cortés-Ramos. As stated before plaintiff participation in the contest finals was never mentioned nor credited.

34. The 2014 World Cup/FIFA SuperSong's Contest information was later contradicted in the media. In a press release the FIFA informed that Ricky Martin was not chosen as the singer of the 2014 World Cup/FIFA song. Short after the FIFA's press release, defendant Ricky Martin informed that he will sing a song in the 2014 World Cup/FIFA. Finally Ricky Martin never sing any song at the 2014 World Cup/FIFA.

35. The representative of contestant Elijha King, Hundred Proof Club LLC filed a claim/lawsuit due to the SuperSong Contest alleging fraud, breach in contract, damages, etc. in *Hundred Proof Club LLC, et. al. V. Obed Rodriguez et. al. Civil No. 2014-10522-CA-01*.

36. Under the Commonwealth of Puerto Rico Law, the civil law doctrine, the common law doctrine, and the Copyrights Laws mentioned, in a *Contrato de Adhesion* (adhesion contracts) the *consentimiento* (consideration) has to be examined. Plaintiff Luis Adrian Cortés-Ramos, was misinformed, lured to enter and to participate in *contest* with false information and threats with the only purpose to obtain his release to his compositions and creations in violation of the copyrights.

c:\claims\lcortes.002

COMPLAINT
CIVIL NO. 3:14-cv-1578
Page 8

## IV. DAMAGES

37. Plaintiff Luis Adrian Cortés-Ramos was humiliated, misinformed, harassed, threaten damages estimated on $1,000,000.00.

38. Plaintiff Luis Adrian Cortés-Ramos, was misinformed, lured to enter and to participate in *contest* with false information and threats with the only purpose to obtain his release to his compositions and creations in violation of the copyrights damages and for direct and vicarious copyright infringement under the Copyright Act of the United States, 17 U.S.C. and "Puerto Rico Trademark Act", Act. No. 169 of December 16, 2009, as amended in 2011 and the Trademark Dilution Revision Act, 15 U.S. Code § 1125, damages estimated on $2,000,000.00.

39. Plaintiff Luis Adrian Cortés-Ramos, has suffered and continue to suffer mental anguish severe emotional distress, affliction, anguish, deprivation and suffers still today because of the loss of his compositions and creations without being credited nor being compensated. Damages estimated on $2,000,000.00.

40. Plaintiff Luis Adrian Cortés-Ramos, is entitle to a compensation for direct and indirect proceeds, gains, income, franchise, etc. obtained from the sales, downloads, re-sales, commercial and private use of the song-video that he composed. Damages that he suffered, continue to suffer at the present, and will suffered for his compositions and creations. Damages estimated on $5,000,000.00.

**WHEREFORE**, plaintiff Luis Adrián Cortés-Ramos' respectfully pray from this Honorable Court to render Judgement in favor of plaintiff and to award them a sum no less that ten million dollars ($10,000,000.00) suffered by him because of defendants combined negligence, breach in

c:\claims\lcortes.002

**COMPLAINT**
**CIVIL NO. 3:14-cv-1578**
**Page 9**

contract, and copyrights infringement plus an additional amount for attorney fees and court costs,

all to be paid severally by defendants.

    **RESPECTFULLY SUBMITTED**.

In Ponce, Puerto Rico this 28th day of July of 2014.

    **RODRIGUEZ LOPEZ LAW OFFICE, P. S. C.**
    Juan R. Rodríguez
    PO Box 7693
    Ponce, Puerto Rico 00732-7693
    Tel. (787) 843-2828 \ 843-2900FAX 284-1267
    E-mail:juan_r_rodriguez00732@hotmail.com
        juan.ramon.rodriguez@us.army.mil

By:  *S\Juan R. Rodriguez*
    **JUAN R. RODRIGUEZ**
    **USDC 214410**