## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| LUIS ADRIAN CORTES-RAMOS | * | |
| Plaintiff | * | CIVIL NO. 3:14-cv-1578 |
| | * | |
| Vs. | * | ABOUT: |
| | * | Copyright Act of the United States |
| SONY CORPORATION OF AMERICA, | * | Trademark Dilution Revision Act |
| SONY ATV MUSIC PUBLISHING, LLC, | * | Puerto Rico Trademark Act |
| SONY MUSIC HOLDINGS, INC. d/b/a, | * | Diversity |
| SONY MUSIC ENTERTAINMENT, | * | |
| SONY PICTURES TELEVISION, INC., | * | JURY TRIAL |
| SONY MUSIC BRAZIL, | * | |
| and SONY ELECTRONICS, INC., | * | |
| ENRIQUE MARTIN MORALES a/k/a | * | |
| RICKY MARTIN, JOHN DOE, | * | |
| RICHARD ROE, and their respective | * | |
| insurance companies | * | |
| Defendants | * | |

**************************************

## COMPLAINT

**TO THE HONORABLE COURT:**

Comes plaintiff, through the undersigned attorney, and very respectfully state, allege and

pray:

**I.    JURISDICTION**

1.    This is a civil action seeking damages and for direct and vicarious copyright

infringement under the Copyright Act of the United States, 17 U.S.C. and "Puerto Rico Trademark

Act", Act. No. 169 of December 16, 2009, as amended in 2011 and the Trademark Dilution Revision

Act, 15 U.S. Code § 1125.

2.    This Court has subject matter jurisdiction over this copyright infringement action

pursuant to 28 U.S.C. §§ 1331 and 1338(a).

c:\claims\lcortes.002

**COMPLAINT**
**CIVIL NO. 3:14-cv-1578**
**Page 2**

3.     This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in Puerto Rico and in this judicial district, the acts of infringement complained of herein occurred in Puerto Rico and in this judicial district, and Defendants have caused injury to Plaintiffs and their intellectual property within Puerto Rico and in this judicial district.

4.     Plaintiff and defendants are of diverse citizenship and the award requested exceeds $75,000, exclusive of costs and interests. Plaintiff is resident of Puerto Rico, USA.

5.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or § 1400(a), this Honorable Court has jurisdiction under 28 U.S.C. sec 1332 (a) 1, (c) and (d).

6.     Plaintiff and defendants are of diverse citizenship and the award requested exceeds $75,000, exclusive of costs and interests. Plaintiff is resident of Puerto Rico, USA. Defendants (corporations) are resident of New York, NY; Colver City, CA, San Diego, CA, Rio de Janeiro, Brazil, and its corporate headquarters are in Tokyo, Japan. Co-defendant Ricky Martin is resident of Miami Beach, FL.

7.     Trial by jury is hereby requested.

## II.     PARTIES

8.     Plaintiff, Luis Adrian Cortés Ramos, of legal age, single, citizens of the Puerto Rico and resident of Urb. Palacios del Prado, 148 Pacífico St., Juana Díaz, Puerto Rico 00795.

9.     Defendant Sony Corporation of America, located in New York, NY, is the U.S. headquarters of Sony Corporation, based in Tokyo, Japan.  Sony's principal U.S. businesses include Sony Electronics Inc., Sony Mobile Communications (USA) Inc., Sony Computer Entertainment

c:\claims\lcortes.002

COMPLAINT
CIVIL NO. 3:14-cv-1578
Page 3

America LLC, Sony Network Entertainment International, LLC., Sony Pictures Entertainment Inc.,

Sony Music Entertainment, Sony/ATV Music Publishing LLC, and Sony Online Entertainment

LLC.

10.     Co-defendant Sony ATV Music Publishing, LLC, and Sony Music Holdings, Inc.

d/b/a, Sony Music Entertainment, is a corporation located at 550 Madison Ave., Room 2325, New

York, New York 10022.

11.     Co-defendant Sony Pictures Television, Inc., is a corporation located at 10202 W.

Washington Blvd., Jack Cohn 430, Colver City, California 90232.

12.     Co-defendant Sony Electronics, Inc., is a corporation located at 16530 Via Sprillo,

MZ 1028, San Diego, California 92127.

13.     Co-defendant Sony Music Brazil, is a corporation located at Rua Lauro Muller No.

116 - 40, Andar, Salas 4001 a 4003, Botafogo, Rio de Janeiro, Brazil.

14.     Co-defendant Enrique Martín Morales d/b/a, a/k/a Ricky Martin is single, artist,

singer, resident of Miami Beach, Florida 33139.

15.     John Doe and  Richard Roe are those other names are unknown to this day, and who

are responsible or contributed in any way to the events that give rise to this complaint. We also

designate as unknown co-defendants the insurance companies and policies of all of the co-defendants

in this complaint.

**III.     FACTS**

16.     On or around mid 2013 co-defendant Enrique Martín Morales (Ricky Martin) and/or

the other co-defendants posted and/or published several advertising, videos, and messages about the

c:\claims\lcortes.002

COMPLAINT
CIVIL NO. 3:14-cv-1578
Page 4

SuperSong's Contest.  Defendants were sponsors or co-sponsors of the advertising and/or the

SuperSong's Contest.  The song was to be use at the *Fédération Internationale de Football*

*Association* (International Federation of Association Football) 2014 World Cup.  The SuperSong was

a song to be sing by defendant Ricky Martin on the grand opening of the 2014 World Cup/FIFA. In

defendant Ricky Martin promotions/advertises, he promoted and invited people to compose a song

for the 2014 World Cup/FIFA. He said that the song would be recorded and then performed on the

2014 World Cup/FIFA. Finally it was informed that the composer would be knowledge and credited

for the composition.

17.     The *Fédération Internationale de Football Association* (International Federation of

Association Football) is the international governing body of association football, futsal and beach

soccer. FIFA is responsible for the organization of football's major international tournaments,

notably the World Cup which commenced in 1930 and the Women's World Cup which commenced

in 1991.

18.     The 2014 World Cup/FIFA SuperSong's Contest was a competition (contest) where

contestant create and/or compose a song; both music and lyrics in one or a combination of any of the

following languages: English, Portuguese, and/or Spanish.  The song has to be submitted in or

accompanied in a video format showcasing the performance of the composer.

19.     Plaintiff Luis Adrián Cortés-Ramos saw an advertising of the contest while surfing

the internet and immediately became interested. Plaintiff is a young artist; composer, singer, and

musician.  Plaintiff Luis Adrián Cortés-Ramos participated in several music tv contest including

Puerto Rico Idol (Wapa TV).

c:\claims\lcortes.002

COMPLAINT
CIVIL NO. 3:14-cv-1578
Page 5

20.     Plaintiff Luis Adrián Cortés-Ramos also was attending college, University of Puerto

Rico.  He was completing a college degree in Bachelor in Science, major in Biomedical Science.

He graduated on May 2013.  He also works part-time with his parents in a family business. Even

thou plaintiff Luis Adrián Cortés-Ramos' artistic, working and college duties keeps him really busy

and occupied he composed a song to participate in the SuperSong's Contest and created a video for

it.

21.     Plaintiff Luis Adrián Cortés-Ramos composed the song and recorded the video at the

end of 2013.  He utilized several musicians, dancers, and chorus singers.  The majority of the

musicians, dancers, and chorus singers were relatives or family members.  He had to pay for the

recording and sound systems.  The video was recorded in locations close to his hometown Juana

Díaz, Puerto Rico.

22.     Plaintiff Luis Adrián Cortés-Ramos entered the contest by registering in a website

of the SuperSong by late 2013.

23.     On January 2, 2014 plaintiff Luis Adrián Cortés-Ramos upload his music-video to

YouTube and later to the SuperSong's web page/site.

24.     The due date for contestants participation and the uploading/submitting music video

was January 6, 2014.

25.     On January 8, 2014 defendants selected the twenty (20) finalists.  Plaintiff Luis

Adrián Cortés-Ramos was selected as a finalist.

26.     On January 15, 2014 received an e-mail presumably from a representative of the

defendants requesting to sign several documents (releases) and to send them back to Brazil in order

c:\claims\lcortes.002

COMPLAINT
CIVIL NO. 3:14-cv-1578
Page 6

to continue in the contest.  Plaintiff Luis Adrián Cortés-Ramos signed the documents before a notary

public on the same day.

27.     On January 16, 2014 plaintiff Luis Adrián Cortés-Ramos sent the documents to

Brazil.

28.     On January 17, 2014 plaintiff Luis Adrián Cortés-Ramos sent an e-mail confirming

that the original documents were mailed but did not received any reply.  The final selection and final

score of the contestant of the SuperSong took place on the same day.

29.     On January 27, 2014 plaintiff Luis Adrián Cortés-Ramos received a communication

requesting confirmation of his address.  Defendants alleged that Plaintiff's address was incorrect.

It was not so plaintiffs explained it later on.

30.     In accordance with the published contest rules, the information on the five (5)

finalists to the SuperSong Contest were supposed to be released On January 20, 2014.  It did not

happened due to the problems with the release of the contestant Elijha King's representative contract

and lack of releases from the plaintiff.  On January 30, 2014 the five (5) finalists to the SuperSong

Contest was released On January 30, 2014 the five (5) finalists to the SuperSong Contest was

released. Plaintiff  Luis Adrián Cortés-Ramos was not included in the group.

31.     On February 10, 2014 the winner to the SuperSong Contest was released, Elijha

King.  Plaintiff  Luis Adrián Cortés-Ramos participation in the contest finals was not mention nor

credited.

32.     Plaintiff Luis Adrián Cortés-Ramos' music video was already selected to be utilized

by the production managers of the defendants before January 15, 2014 but due to the fact of the lack

c:\claims\lcortes.002

COMPLAINT
CIVIL NO. 3:14-cv-1578
Page 7

of releases from the plaintiff and the contestant Elijha King's representative, the SuperSong Contest

due date were continue.

33.     On or around April 22, 2014 defendant Ricky Martin release his single/song Vida

with a music video.   Plaintiff Luis Adrián Cortés-Ramos was surprised, disappointed, anger,

disillusioned, and suffered mental anguish; the music video was almost identical to one that he

composed and created. To worsen the scenario, Ricky Martin was an admired artist and puertorrican

that was considered a role model for plaintiff Luis Adrián Cortés-Ramos.  As stated before plaintiff

participation in the contest finals was never mentioned nor credited.

34.     The 2014 World Cup/FIFA SuperSong's Contest information was later contradicted

in the media.  In a press release the FIFA informed that Ricky Martin was not chosen as the singer

of the 2014 World Cup/FIFA song.  Short after the FIFA's press release, defendant Ricky Martin

informed that he will sing a song in the 2014 World Cup/FIFA.  Finally Ricky Martin never sing any

song at the 2014 World Cup/FIFA.

35.      The representative of contestant Elijha King, Hundred Proof Club LLC filed a

claim/lawsuit due to the SuperSong Contest alleging fraud, breach in contract, damages, etc. in

*Hundred Proof Club LLC, et. al. V. Obed Rodriguez et. al. Civil No. 2014-10522-CA-01*.

36.     Under the Commonwealth of Puerto Rico Law, the civil law doctrine, the common

law doctrine, and the Copyrights Laws mentioned, in a *Contrato de Adhesion* (adhesion contracts)

the *consentimiento* (consideration) has to be examined.  Plaintiff Luis Adrian Cortés-Ramos, was

misinformed, lured to enter and to participate in *contest* with false information and threats with the

only purpose to obtain his release to his compositions and creations in violation of the copyrights.

c:\claims\lcortes.002

COMPLAINT
CIVIL NO. 3:14-cv-1578
Page 8
IV.    DAMAGES

37.    Plaintiff Luis Adrian Cortés-Ramos was humiliated, misinformed, harassed, threaten

damages estimated on $1,000,000.00.

38.    Plaintiff Luis Adrian Cortés-Ramos, was misinformed, lured to enter and to

participate in *contest* with false information and threats with the only purpose to obtain his release

to his compositions and creations in violation of the copyrights damages and for direct and vicarious

copyright infringement under the Copyright Act of the United States, 17 U.S.C. and "Puerto Rico

Trademark Act", Act. No. 169 of December 16, 2009, as amended in 2011 and the Trademark

Dilution Revision Act, 15 U.S. Code § 1125, damages estimated on $2,000,000.00.

39.    Plaintiff Luis Adrian Cortés-Ramos, has suffered and continue to suffer mental

anguish  severe emotional distress, affliction, anguish, deprivation and suffers still today because of

the loss of his compositions and creations without being credited nor being compensated.  Damages

estimated on $2,000,000.00.

40.    Plaintiff Luis Adrian Cortés-Ramos, is entitle to a compensation for direct and

indirect  proceeds,  gains,  income,  franchise,  etc.  obtained  from  the  sales,  downloads,  re-sales,

commercial and private use of the song-video that he composed. Damages that he suffered, continue

to suffer at the present, and will suffered for his compositions and creations.  Damages estimated on

$5,000,000.00.

**WHEREFORE**, plaintiff Luis Adrián Cortés-Ramos' respectfully pray from this Honorable

Court to render Judgement in favor of plaintiff and to award them a sum no less that ten million

dollars ($10,000,000.00) suffered by him because of defendants combined negligence, breach in

c:\claims\lcortes.002

COMPLAINT
CIVIL NO. 3:14-cv-1578
Page 9

contract, and copyrights infringement plus an additional amount for  attorney fees and court costs,

all to be paid severally by defendants.

**RESPECTFULLY SUBMITTED**.

In Ponce, Puerto Rico this 28th day of July of 2014.

**RODRIGUEZ LOPEZ LAW OFFICE, P. S. C.**
Juan R. Rodríguez
PO Box 7693
Ponce, Puerto Rico 00732-7693
Tel. (787) 843-2828 \ 843-2900FAX 284-1267
E-mail:juan_r_rodriguez00732@hotmail.com
        juan.ramon.rodriguez@us.army.mil

By:_ S\Juan R. Rodriguez               
        **JUAN R. RODRIGUEZ**
        **USDC 214410**

c:\claims\lcortes.002