IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**LUIS ADRIAN CORTES**

**Plaintiff,**

**v.**                                                                **CIVIL NO. 14-1578 (GAG)**

**SONY CORPORATION OF AMERICA et. al.,**

**Defendants.**

**OPINION AND ORDER**

Presently before the court is Plaintiff's Motion for Reconsideration of the court's ruling and alter or amend the judgment entered dismissing Plaintiff's claims in light of the court's Opinion and Order at Docket No. 40. See Docket No. 42; see also Cortes v. Sony Corp, No. 14-1578 (GAG), 2015 WL 3610005 (D.P.R. June 10, 2015). A motion to reconsider cannot be used as a vehicle to re-litigate matters already litigated and decided by the court. Villanueva-Mendez v. Vazquez, 360 F. Supp. 2d 320, 322 (D.P.R. 2005). In summation, "[a] party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that 'could, and should, have been made before judgment issued.'" See Soto-Padró v. Public Buildings Auth., et al., 675 F.3d 1, 9 (1st Cir. 2012) (citations omitted). It is also a long-standing rule that motions for reconsideration cannot be used to bring forth new arguments. See Nat'l Metal Finishing Co., Inc. v. Barclays Am./Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990) (holding that motions for reconsideration may not be used "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier"). These motions are entertained by

**Civil No. 14-1578 (GAG)**

courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. See Rivera Surillo & Co. v. Falconer Glass. Indus. Inc., 37 F.3d 25, 29 (1st Cir. 1994).

In sum, for a motion for reconsideration to be granted, the court recognizes only three possible grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law". See Torres v. González, 980 F. Supp. 2d 143, 147 (D.P.R. 2013). "In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions are typically denied." 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 2810.1 (2d ed.) (2012); Rivera v. Meléndez, 291 F.R.D. 21, 23 (D.P.R. 2013) (denying motion for reconsideration when "plaintiff's clear intention is to achieve yet another bite at the apple, and continue this litigation by ignoring and/or refusing this court's ruling").

Here, the court finds that Plaintiff is rehashing its contract fraud claim that has already been entertained by the court in its Opinion and Order and dismissed because it failed as a matter of law. Plaintiff's failure to show registration of the copyright claim precludes the civil action for copyright infringement from being instituted. See Docket No. 40 at 11; see also Cortes, 2015 WL 3610005, at *6-8. Further, Plaintiff's failure to show registration of a mark also precludes the civil action for trademark dilution both under Puerto Rico law and under the Trademark Dilution Revision Act. Id. at 13-16. Plaintiff raises new evidence in the way of newspaper articles and clippings pertaining to the criminal charges recently brought by the U.S. Department of Justice against certain FIFA officials. (Docket No. 42.) However, Plaintiff does not provide any connection between the DOJ's investigation into FIFA and its officials, on the one hand, and Plaintiff's allegations against Defendants concerning the Contest, on the other hand. The new evidence Plaintiff raises in the

**Civil No. 14-1578 (GAG)**

motion for reconsideration does not show an intervening change in controlling law, the availability of new evidence previously not available, nor do they show the need to correct a clear error of law.[1] Thus, the new evidence is not enough to overturn the court's Opinion and Order.

As such, upon careful review of Plaintiff's Motion for Reconsideration and the court's prior determination, the court finds that Plaintiff has failed to identify any manifest or clear errors of law or fact, which the court must correct, present newly discovered evidence, or demonstrate to the court that there is an intervening change in controlling law.  See Rivera Surillo, 37 F.3d at 29.

For the foregoing reason, the court **DENIES** Plaintiff's Motion for Reconsideration and alter judgment at Docket No. 42 and reiterates its prior determination at Docket No. 40.

**SO ORDERED.**

In San Juan, Puerto Rico this 13th day of July, 2015.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge

---

[1] On reconsideration, Plaintiffs also argues that the court incorrectly ruled on Defendants' Motion to Dismiss before their deadline to sur-reply to Defendants' reply expired. The court notes that it granted Plaintiff until June 15, 2015 to file a sur-reply. (Docket No. 38.)  Nevertheless, Plaintiff never filed his sur-reply.  Thus, even if the court were to consider a sur-reply in deciding this motion for reconsideration, it is in no position to do so because Plaintiff never submitted said sur-reply to the court and the June 15, 2015 deadline expired prior to Plaintiff's submission of the instant motion to reconsider.  Thus, the undersigned cannot magically decode the contents of Plaintiff's missing brief.

Moreover, a court need not await a reply brief before reaching a decision.  See Scott v. Dona Ana Cty Comm'rs, 2012 WL 1132464, at *15 n.17 (D.N.M. Mar. 28 2012) (citing Access Now, Inc. v. Crestwood Healthcare, LP, 01-0869, 2009 U.S. Dist. LEXIS 94069, at *3 (N.D. Tex. Oct. 3, 2009) ("[T]he court determines that it need not wait for a reply before ruling on the motion."); see also Ayoub v. UNUM Life Ins. Co. of Am., No. 06-15768, 2007 U.S. Dist. LEXIS 29556, at *1 n.1 (E.D. Mich. Apr. 6, 2007) ("Nonetheless, because reply briefs are optional and because the court is denying Plaintiff's motion for summary judgment without reaching the merits, the court need not wait for receipt of Plaintiff's reply.").