IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LUIS ADRIAN CORTES-RAMOS**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SONY CORPORATION OF AMERICA, et al.,**<br><br>**Defendants.** | **CASE NO. 14-1578 (GAG)** |

## **MEMORANDUM AND ORDER**

Pending before the Court is a renewed motion for attorneys' fees filed by Sony ATV Music Publishing, LLC, Sony Corporation of America, Sony Electronics, Inc, Sony Music Brazil, Sony Music Holdings Inc., Sony Pictures Television, Inc. (collectively "Defendants").  After reviewing the parties' submissions and pertinent law, the Court **GRANTS** Defendants' renewed motion for attorneys' fees at Docket No. 66.

The Court finds that the subject claim was merely "objectively weak."  The First Circuit has interpreted Supreme Court's "evenhanded" approach from Fogerty v. Fantasy, Inc., 510 U.S. 517, 521 (1994)  as allowing an award of attorneys' fees to a prevailing party if the opposing party's claims are "objectively quite weak." Airframe Sys., Inc. v. L-3 Commc'ns Corp., 658 F.3d 100, 108 (1st Cir. 2011) (internal citations omitted); see also Garcia–Goyco v. Law Envtl. Consultants, Inc., 428 F.3d 14, 20–21 (1st Cir. 2005) (noting that this court has applied the Fogerty factors in affirming awards of attorneys' fees where the plaintiff's copyright claim was

**Civil No. 14-1578 (GAG)**

neither frivolous nor instituted in bad faith, but was objectively quite weak). Thus, it awards costs in the amount of $4,176.80, as well as attorneys' fees.

The Court hereby approves the hourly fee of $290.00, as well as hours worked by attorney Jorge Peirats. The Court, however, understands that a similar rate for work performed by attorney David C. Rose is warranted. Counsel Rose appears pro hac vice (Docket No. 16) and charges at a higher rate than Counsel Peirats who has more years of experience practicing law and is equally capable. More so, other counsel from Rose's firm bill for their fees, however these have not been admitted pro hac vice. Although Plaintiff does not challenge their rates, the Court finds that it should not automatically compensate the work of non pro hac vice counsel. Accordingly, the Court shall reduce the court ordered attorneys' fees sought by forty (40) percent. In other words, the Court will award sixty (60) percent of the amount requested in attorneys' fees. This will also avoid payment for any duplicative work by local and pro hac vice counsel.

Consequently, the Court awards Defendants a total amount of $47,601.78 in attorneys' fees.

**SO ORDERED.**

In San Juan, Puerto Rico this 2nd day of November, 2016.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge